```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HAROLD SPYER, | Civil No. 15-3814 (NLH/JS) |
| Plaintiff, | |
| v. | OPINION |
| NAVIENT SOLUTIONS, INC. and JOHN F. REMONDI, CEO OF NAVIENT, | |
| Defendants. | |

**APPEARANCES**:

HAROLD SPYER
200 GRANT AVE
APT B2
SOMERDALE, NJ 08083
    Appearing *pro se*

THOMAS MICHAEL BRODOWSKI, JR
ERIC MATTHEW HURWITZ
STRADLEY, RONON, STEVENS & YOUNG, LLP
LIBERTYVIEW
457 HADDONFIELD ROAD
SUITE 100
CHERRY HILL, NJ 08002
    On behalf of defendants

**HILLMAN**, **District Judge**

    Presently before the Court is defendants' motion to dismiss plaintiff's complaint concerning a student loan debt. In opposition to defendants' motion, plaintiff filed a motion for summary judgment, and defendants cross-moved for summary judgment. For the reasons expressed below, defendants' cross-motion for summary judgment will be granted, and the other two motions will be denied.

**BACKGROUND**

Plaintiff, Harold Spyer, claims that on February 28, 2015, he obtained a credit report that allegedly showed "multiple inaccurate accounts" being reported by defendant, Navient Solutions, Inc. On March 12, 2015, plaintiff sent Navient a "validation/dispute" letter. Plaintiff claims that he received a response from Navient on March 24, 2015, but Navient's response failed to report the results of the investigation, failed to validate the debt, and failed to report the account as being in dispute to the credit reporting agencies. Plaintiff claims that even after he disputed the debt, Navient made phone calls and sent him correspondence in an attempt to collect the debt.

On April 17, 2015, plaintiff sent Navient a second "validation/dispute/cease communication" letter. Plaintiff received a response from Navient on April 24, 2015, and plaintiff claims that Navient's response again failed to report the results of the investigation, failed to validate the debt, and failed to report the account as being in dispute to the credit reporting agencies. Plaintiff claims that Navient continued to try to collect the debt from him despite his objection to it. Plaintiff also claims that Navient has failed to provide him with the original promissory note that he purportedly signed so that he can confirm that the debt is his.

Plaintiff claims that Navient's conduct is a violation of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and the Uniform Commercial Code, as codified in New Jersey at N.J.S.A. 12A:3-501 et seq.

Defendant has moved to dismiss plaintiff's claims against it, arguing that all of plaintiff's claims fail as a matter of law.  Plaintiff filed a motion for summary judgment in his favor in opposition to defendants' motion to dismiss.  Defendants then filed a cross-motion for summary judgment.

## DISCUSSION

### A.  Subject Matter Jurisdiction

Defendants removed plaintiff's complaint to this Court on the basis that this Court may exercise subject matter jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claim under 28 U.S.C. § 1336.

### B.  Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well

settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

    **C.**    **Standard for Summary Judgment**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a). If a review of cross-motions for summary judgment reveals no genuine issue of material fact, then judgment may be entered in favor of

the party deserving of judgment in light of the law and undisputed facts.  See Iberia Foods Corp. v. Romeo Jr., 150 F.3d 298, 302 (3d Cir. 1998) (citation omitted).

   **D.   Analysis**

   Under the Fair Debt Collection Practices Act, a "debt collector" is required to include the following information in a debt collection letter to a consumer: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  15 U.S.C. § 1692g(a).

   Paragraphs 3 through 5 of section 1692g(a) contain the validation notice, which are statements that inform the consumer how to obtain verification of the debt and that he has thirty

5

days in which to do so.  The Act further mandates the debt collector to cease all collection efforts if the consumer provides written notice that he or she disputes the debt or requests the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer. 15 U.S.C. § 1692g(b).

Plaintiff claims that Navient has violated these requirements regarding a debt purportedly owed to Navient. Plaintiff's complaint does not explain what kind of debt that Navient is attempting to collect, but the attachments to plaintiff's complaint reveal that Navient is the loan processor for plaintiff's student loans.  The exhibits to Navient's motion for summary judgment further reveal that between December 29, 1998 and June 28, 2000, plaintiff obtained seven Federal Stafford student loans from Bank One.  On April 27, 2006, Sallie Mae, Inc. began servicing plaintiff's loans.  On May 1, 2014, Sallie Mae, Inc. changed its name to Navient.  On both of these occasions, plaintiff was sent a letter explaining the change in loan servicer and servicer name.  The letters listed each student loan by loan date, the original loan amount, outstanding principal, interest rate, and loan program.  From the inception of his loans, plaintiff has received monthly billing statements.

From April 2006 through January 2007, and then from October 2007 through March 2008, plaintiff made various payments on his

6

student loans to Sallie Mae.  From February 2007 through September 2007, and from April 2008 through January 2015, plaintiff's loans were placed in "deferment" or "forbearance" status at plaintiff's request.  Plaintiff's loans are now delinquent, with a principal balance of $31,836.39.

Plaintiff's attempts to invalidate his student loan debt under the FDCPA, FCRA, and the UCC are improper, and plaintiff's claims fail as a matter of law, for the following reasons:

1. Navient is not a "debt collector" under the FDCPA under these circumstances because it became the loan servicer (first as Sallie Mae before it changed its name) while plaintiff's loan were not in default.  Therefore, the FDCPA is inapplicable to Navient's relationship with plaintiff as a servicer of plaintiff's federal student loans.  See Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) ("[T]he FDCPA's provisions generally apply only to "debt collectors."  Creditors - as opposed to "debt collectors" - generally are not subject to the FDCPA."); id. ("Courts have indicated that an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the assignment); S.Rep. No. 95-382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698 (explaining that the definition of a debt collector does not include "mortgage service companies and others who service outstanding debts for others, so long as the

7

debts were not in default when taken for servicing"); <u>Haysbert v. Navient Sols., Inc.</u>, No. CV 15-4144 PSG (EX), 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016) (explaining that numerous courts have found that student loan servicers that begin servicing prior to default are not debt collectors under the FDCPA) (citing <u>Brumberger v. Sallie Mae Servicing Corp.</u>, 84 F. App'x 458, 459 (5th Cir. 2004); <u>Levy-Tatum v. Navient & Sallie Mae Bank</u>, No. CV 15-3794, 2016 WL 75231, at *7 (E.D. Pa. Jan. 7, 2016); <u>Edmond v. Am. Educ. Servs.</u>, No. CIV.A. 10-0578 JDB, 2010 WL 4269129, at *5 (D.D.C. Oct. 28, 2010); <u>Mondonedo v. Sallie Mae, Inc.</u>, No. 07-4059-JAR, 2009 WL 801784, at *3 (D. Kan. Mar. 25, 2009)); <u>Tutanji v. Bank of Am.</u>, No. CIV.A. 12-887 JLL, 2012 WL 1964507, at *3 (D.N.J. May 31, 2012) (citing 15 U.S.C. § 1692a(6)(F) (the term "debt collector" does not include: "any person collecting or attempting to collect any debt owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person....") (finding that the servicers of residential mortgages not to be "debt collectors" under the FDCPA if the loan in question is not in default when acquired by the servicer).

  2. Plaintiff cannot use the FDCPA as a vehicle to dispute

and discharge his student loan debt. See United States v. Holohan, 2012 WL 2339755, at *6 (D.N.J. June 18, 2012) ("Defendant's reliance on the FDCPA is misplaced because any alleged violation of the Act cannot stand independently to establish a meritorious defense to the underlying [student loan] debt.") (citing Azar v. Hayter, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995), aff'd, 66 F.3d 342 (11th Cir. 1995) (recognizing that claims brought under the FDCPA have "nothing to do with whether the underlying debt is valid" but instead concern "the method of collecting the debt").

    3.    No private cause of action is available under § 1681-2(a) of the FCRA, and plaintiff's four counts for FCRA violations are premised on this section. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) (no private right of action exists under § 1681-2(a)).

    4.    Even if plaintiff asserted his claims for FCRA violations based upon § 1681-2(b), which provides for a private cause of action, Navient cannot be found to have violated the FCRA, as there is no inaccurate information on plaintiff's credit reports for Navient to modify. See Paredes v. Sallie Mae, 2011 WL 5599605, at *6 (D.N.J. Nov. 16, 2011) (citations omitted) (to state a claim under § 1681s-2(b), a plaintiff must demonstrate three specific elements: "(1)[the consumer] sent notice of disputed information to a consumer reporting agency,

9

(2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information").

5.   Navient cannot be found to have violated the UCC by failing to "present" the original promissory note for plaintiff's inspection, as the UCC does not require Navient to do so.  "Presentment" is a formal demand by the holder of the negotiable instrument to the party obligated to pay the instrument, see City Check Cashing, Inc. v. Manufacturers Hanover Trust Co., 764 A.2d 411, 416 (N.J. 2001) (citing N.J.S.A. 12A:3-501a), and not a loan servicer's obligation to provide the borrower's promissory note to the borrower so that he may view it.

6.   Plaintiff has not alleged any facts that could support a claim against Navient's CEO, John F. Remondi.  See State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668, 679 (D.N.J. 2009) (In New Jersey, two elements must be shown to pierce the corporate veil: "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.").

**CONCLUSION**

Plaintiff's claims brought against defendants for violations of the FDCPA, FCRA, and the UCC regarding his student loans are unsupportable as a matter of law.  Because the Court considered evidence outside of the pleadings, defendants' motion to dismiss will be denied, but defendants' cross-motion for summary judgment will be granted.  Plaintiff's motion for summary judgment will be denied.  An appropriate Order will be entered.


Date:  March 15, 2016             s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.