```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HAROLD SPYER, | Civil No. 15-3814 (NLH/JS) |
|       Plaintiff, | |
|   v. | OPINION |
| NAVIENT SOLUTIONS, INC. and JOHN F. REMONDI, CEO OF NAVIENT, | |
|       Defendants. | |

**APPEARANCES**:

HAROLD SPYER
200 GRANT AVE
APT B2
SOMERDALE, NJ 08083
    Appearing *pro se*

THOMAS MICHAEL BRODOWSKI, JR
ERIC MATTHEW HURWITZ
STRADLEY, RONON, STEVENS & YOUNG, LLP
LIBERTYVIEW
457 HADDONFIELD ROAD
SUITE 100
CHERRY HILL, NJ 08002
    On behalf of defendants

**HILLMAN, District Judge**

Presently before the Court is the motion of plaintiff, Harold Spyer, for reconsideration of the Court's Opinion and Order (Docket No. 21, 22) granting summary judgment in favor of defendants, Navient Solutions, Inc. and John F. Remondi. Plaintiff's claims arise out of his student loans. The Court found that plaintiff's claims brought against defendants for violations of the Fair Debt Collections Practices Act (FDCPA),

15 U.S.C. § 1692 et seq., Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and the Uniform Commercial Code, as codified in New Jersey at N.J.S.A. 12A:3-501 et seq., failed as a matter of law.  Plaintiff argues that the Court erred in its findings and seeks reinstatement of his claims.  Defendants have opposed plaintiff's motion.[1]

A motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration

---

[1] Defendants have opposed the substance of plaintiff's motion, but they also argue that it should be denied because plaintiff did not file it within the 14 days afforded by Local Civil Rule 7.1(i).  The Court's Opinion and Order were dated March 15, 2016, but the documents were not filed on the docket until 8:26 a.m. on March 16, 2016.  The clerk's office received plaintiff's motion for reconsideration on March 30, 2016, which is 14 days from the entry of the Court's Order on the docket.  Moreover, because plaintiff received electronic service of the Court Opinion and Order, Federal Rule of Civil Procedure 6(d) requires the addition of three days to the fourteen day period set forth by Local Civil Rule 7.1(i).  See Ezeiruaku v. Bull, 2014 WL 7177128, at *1 (D.N.J. Dec. 16, 2014).  Thus, plaintiff's motion was timely filed.

shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Id.

A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 Fed. Appx. 251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'").

The majority of plaintiff's arguments in his motion for reconsideration does not show an intervening change in the controlling law, new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff simply disagrees with the Court's analysis, and makes

3

the same arguments he made in his briefs filed in connection with the prior motions.

The only new argument plaintiff advances in his motion for reconsideration is that the Court erred by not considering that his complaint contained a count for defamation of character. Defendants had argued that the operative complaint - plaintiff's amended complaint (Docket No. 7) – did not contain a count for defamation of character, and plaintiff was not permitted to amend his complaint to add such a claims through briefs relating to the pending motions to dismiss and summary judgment. Plaintiff contends in his motion for reconsideration that his amended complaint can be read to include a claim for defamation of character, and therefore the Court should have considered it.

To the extent that plaintiff's amended complaint, when liberally construed due to plaintiff's pro se status,[2] can be

---

[2] Pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant. Haines v. Kerner, 404 U.S. 519, 520 (1972), reh'g denied, 405 U.S. 948 (1972). Even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006)(finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

read to contain a defamation claim against Navient and its CEO, John Remondi, it fails.[3]

In order to bring a successful defamation claim, a plaintiff must satisfy the following elements: "(1) that the defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) fault." Taj Mahal Travel, Inc. v. Delta Airlines Inc., 164 F.3d 186, 189 (3d Cir. 1998). "In the case of a complaint charging defamation, plaintiff must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication. A vague conclusory allegation is not enough." Zoneraich v. Overlook Hosp., 514 A.2d 53, 63 (N.J. Super. Ct. App. Div. 1986), cert. denied, 526 A.2d 126 (N.J. 1986). A claim for credit slander, which is a type of defamation, also requires proof of false statements of fact. Wu v. Capital One, N.A., 617 F. App'x 214, 220-21 (3d Cir.), cert. denied, 136 S. Ct. 506 (2015), reh'g denied, 136 S. Ct. 883 (2016) (citing Biederman v. Mitsubishi Motors Credit of Am., 332 N.J. Super. 583, 753 A.2d 1251, 1256

---

[3] Even though plaintiff's amended complaint does not contain a separate count for defamation of character, the first page of the amended complaint states, "Harold Spyer, Plaintiff, sues Defendants; Navient Solutions Inc. and John F. Remondi for money damages and specific performance due to violations of the Uniform Commercial Code, Fair Debt  Collections Practices Act, Fair Credit Reporting Act, and Defamation of character . . . ." (Docket No. 7 at 1.)

5

(Law Div. 2000); FDIC v. Bathgate, 27 F.3d 850, 871 (3d Cir. 1994) (applying New Jersey law)). An employer may be liable for its employee's conduct, such as an allegation of defamation. See Schiavone Const. Co. v. Time, Inc., 847 F.2d 1069, 1089 (3d Cir. 1988).

It appears that plaintiff contends that Navient's reporting to the credit reporting agencies about the delinquent status of plaintiff's loans constitutes defamation.[4] A review of plaintiff's complaint, and the briefs and evidence submitted with the summary judgment motions, cause plaintiff's defamation claim to fail. Plaintiff has not pleaded or shown that (1) the reports of his delinquencies to the credit reporting agencies were false, (2) that defendants knew they were reporting false information, or (3) that Navient's CEO had any specific involvement in plaintiff's claims, aside from his role as CEO of

---

[4] Defendants argue that plaintiff's defamation claim is preempted by the Fair Credit Reporting Act. In Wu v. Capital One, N.A., 617 F. App'x 214, 220 (3d Cir.), cert. denied, 136 S. Ct. 506, (2015), reh'g denied, 136 S. Ct. 883 (2016), the district court concluded that appellants' credit slander claim failed because their damages flowed from the Bank's purported false credit reporting, and it was therefore preempted by FCRA. The Third Circuit noted, "On appeal, the parties have spent much effort on what we acknowledge is a difficult preemption question. We need not reach the issue, however, because even if the claims were not preempted, they fail on the merits." Wu, 617 F. App'x at 220. This Court reaches the same conclusion.

the company.[5]  These three findings are fatal to plaintiff's defamation claim.

Consequently, to the extent that plaintiff seeks reconsideration of the entry of summary judgment on the seven specifically pleaded counts in his amended complaint, the Court denies plaintiff's motion for his failure to meet the conditions that warrant reconsideration on those claims.  To the extent that plaintiff contends that the Court did not assess the viability of his "eighth" count for defamation of character against defendants, the Court grants his motion, but concludes that such a claim fails as a matter of law, and judgment must be entered in defendants' favor on that claim.

An appropriate Order will be entered.


Date:   October 4, 2016            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[5] In the Court's prior Opinion, the Court found that plaintiff had not alleged any facts that could support a claim against Navient's CEO. (Docket No. 21 at 10, citing State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668, 679 (D.N.J. 2009) (In New Jersey, two elements must be shown to pierce the corporate veil: "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.").)